IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL ALLEN-EL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GJH-22-966 |
| ANGELA M. EAVES, *Administrative Judge,* et al., | * | |
| | * | |
| Defendants. | | |

\*\*\*

## MEMORANDUM

Plaintiff Michael Allen-El, who is incarcerated at Western Correctional Institution ("WCI"), has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Because Plaintiff appears indigent, his request to proceed without pre-payment of the filing fee is granted. In addition, the complaint, filed pursuant to 42 U.S.C. § 1983, has been reviewed by the Court with respect to the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria.

Plaintiff alleges that Defendants Administrative Judge Angela Eaves and Clerk of Court James Reilly of the Circuit Court for Harford County, have violated his equal protection and due process rights and have subjected him to cruel and unusual punishment. Compl., ECF No. 1 at 23. Plaintiff asserts that the "classification, identification, documentation, and/or labeling" of Plaintiff as "Black" or "African-American," by Defendants in the writs issued by the Circuit Court of Harford County caused prejudice and bias in in his criminal proceedings and have obstructed his religious practices. *Id.* at 23-24.

Plaintiff, a Moorish-American, contends that while he was detained at Harford County Detention Center between March 2013 and January 7, 2015, Defendants issued "writs of habeas corpus ad testificandum/prosequendum" identifying him as Black or African American. *Id.* at 5, 8.

Plaintiff asserts that these terms are synonymous and code for "slave" and therefore, Defendants are referring to him as a slave. *Id.* at 9-10. Plaintiff states that this has damaged his mental and emotional well-being as well as obstructed his development as a Moorish-American. *Id.* at 14. Plaintiff seeks a declaratory judgment that Defendants' actions have violated his rights under the Constitution and requests a preliminary and permanent injunction ordering Defendants to stop labelling him as Black or African American and instead identify him as Moorish-American. *Id.* at 26-27.

For the reasons discussed below, Plaintiff's Complaint is dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to conduct an initial screening of this complaint. The Court is required to dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Here, Plaintiff generally asserts that his due process and equal protection rights have been violated and that he has been subjected to cruel and unusual punishment. A plaintiff "fails to state a claim upon which relief may be granted," under 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Plaintiff's contention that he is being racially misidentified on the writs issued by Defendants neither demonstrates that a constitutionally protected liberty interest has been infringed upon, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (prisoners may not be deprived of life, liberty, or property without due process of law), nor that he is being intentionally treated differently than similarly

situated individuals by Defendants, *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Moreover, nothing in Plaintiff's allegations plausibly alleges that he has been subjected to cruel and unusual punishment via his identification on the contested writs. As Plaintiff fails to state a claim upon which relief may be granted, the Complaint must be dismissed.[1]

Plaintiff is forewarned that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) constitutes a "strike" under the Act. *Lomax v. Ortiz-Marquez*, _U.S._, 140 S.Ct. 1721, 1724 (2020), *see also* 28 U.S.C. § 1915(g).

This case is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim and this dismissal constitutes a "strike" under 28 U.S.C. § 1915(g). A separate order follows.

<u>June 6, 2022</u>　　　　　　　　　　　　　　　<u>　/s/　　　　　　　　　　　　　　　　</u>
Date　　　　　　　　　　　　　　　　　　　　GEORGE J. HAZEL
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] To the extent Plaintiff seeks a writ of mandamus compelling Defendants to identify him as Moorish-American on any writs issued by the Circuity Court for Harford County, Maryland, this Court lacks jurisdiction. Under 28 U.S.C. § 1361 the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. However, this federal district court has no mandamus jurisdiction over State employees, such as Defendants in this case. *Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969). Additionally, a writ of mandamus is an extraordinary writ that is only available in cases where no other means by which the relief sought could be granted. *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987).